UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CARL FIORAVANTI | 25 CR 655<br><br>Judge April M. Perry |

STATUS REPORT

The United States of America, by ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, submits the following status report pursuant to the Court's order of June 16, 2026. Dkt. No. 46.

1. As this Court is aware, defendant Carl Fioravanti is a defendant in another pending criminal matter, which was docketed as 23 CR 555 (District Judge Valderrama) (hereinafter, the "2023 Criminal Case"). On March 3, 2025, Fioravanti was charged in that case in a nine-count superseding indictment with one count of obstructing justice, in violation of 18 U.S.C. § 1519, and eight counts of filing a false federal tax return, in violation of 18 U.S.C. § 7206(1). *See* Dkt. 38 (23 CR 555).

2. On June 4, 2026, the government filed a felony superseding information in the 2023 Criminal Case. The superseding information charged Fioravanti with one count of wire fraud, in violation of 18 U.S.C. § 1343 (Count One), and one count of filing a false tax return, in violation of 26 U.S.C. § 7206(1) (Count Two). Dkt. 91 (23 CR 555). The wire fraud count in the superseding information charged Fioravanti with engaging in the same scheme to defraud that is alleged in the indictment in this case. *Cf*. Dkt. 1 and Dkt. 91 (23 CR 555).

3. On June 8, 2026, Fioravanti appeared before the Court in the 2023 Criminal Case, executed a written waiver of indictment, and, pursuant to a written plea agreement, pled guilty to both charges in the superseding information. Dkt. 93-95 (23 CR 555). In the detailed factual basis of the plea agreement, which includes relevant conduct, Fioravanti admitted to the following: (a) engaging in the charged fraud scheme at the Lake Behavioral Hospital site in Waukegan, knowingly violating multiple Clean Air Act regulations, and making false statements; (b) committing the eight tax offenses charged in the superseding indictment in the 2023 Criminal Case; and (c) as a stipulated offense, obstructing justice as charged in the superseding indictment in the 2023 Criminal Case. Dkt. 93 (23 CR 555). Since the guilty plea encompassed all pending charges in both cases, the government has agreed that it will move to dismiss the indictment in this case after Fioravanti is sentenced in the 2023 Criminal Case. *See* Dkt. 94 (23 CR 555) at ¶20 (p.32).

4. On September 10, 2026, Fioravanti was sentenced in the 2023 Criminal Case. The Court ordered Fioravanti to serve concurrent terms of imprisonment of 80 months on Count One and 36 months on Count Two, to be followed by concurrent supervised release terms of two years on Count One and one year on Count Two. However, the Court concluded that it needed more detailed information in order to impose a restitution order. The Court established a schedule for the government to provide that information to the Court and for the parties to identify any disagreement regarding the amount of restitution that should be imposed.

5. The Court in the 2023 Criminal Case has not yet docketed a minute order from the sentencing hearing conducted on September 10, 2026, but the government's notes from the hearing reflect that the Court ordered the following deadlines for resolution of the restitution issue:

10/1/26: Due date for the parties to file additional information with the Court.

10/15/26: Due date for the parties to come to an agreement regarding restitution. The parties may file a joint status report with the Court if they reach agreement on restitution.

10/22/26: Due date for the government to file a supplemental sentencing memorandum if the parties have not reached an agreement regarding restitution.

11/3/26: Hearing on restitution if the parties have reached an agreement on restitution; otherwise, the date will be struck in lieu of the schedule below.

11/5/26: Due date for defendant's response to government's supplemental sentencing pleading.

11/15/26: Due date for government's reply to defendant's response.

6. The parties agree that time should be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), through and including the next status report date set by this Court pending the filing of the judgment in the 2023 Criminal Case. Such an exclusion of time is in the interests of justice because it will allow for the efficient resolution of all pending charges against Fioravanti in the 2023 Criminal Case and the filing of the judgment in that matter, after which the government will move to dismiss the above-captioned matter.

7. After consultation and review, Fioravanti's counsel has expressed to the undersigned that Fioravanti concurs in the contents of this status report.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: /s/ *Timothy J. Chapman*
TIMOTHY J. CHAPMAN
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-1925